# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KELLY DECAIRE**

        **Plaintiff,**

**v.**                                        **Case No. 6:11-CV-00266-GAP-GJK**

**THE DEVEREUX FOUNDATION, INC.,**
**And KEVIN TURNER**

        **Defendants.**

_____

## CASE MANAGEMENT REPORT

     The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P.

26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | April 15, 2011 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | March 9, 2011 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | May 21, 2011 |
| **Disclosure of Expert Reports**         Plaintiff: Defendant: [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | July 9, 2011 August 9, 2011 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | September 1, 2011 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions** [Court recommends 5 months before trial | **October 1, 2011** |
| ***Daubert*** **Motions [Court recommends 4 months before trial]** | **October 10, 2011** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | **Dec. 16, 2011** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)  [Court recommends 6 weeks before Final Pretrial Conference]** | **Dec.  28, 2011** |
| **All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference]** | **January 20, 2012** |
| **Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial]** | **February 10, 2012** |
| **Trial Term Begins** **[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | **March 1, 2012** |
| **Estimated Length of Trial  [trial days]** | **3 days** |
| **Jury / Non-Jury** | **Jury** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mediation**                                                    **Deadline:**<br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | **\*September 19, 2011**<br>**Jay M. Cohen**<br>P.O. Box 2210<br>Winter Park, FL 32790<br>(407) 644 1181<br><br>**\**The parties are trying to schedule depo of Plaintiff and then an early mediation.  They are actively in the process of coordinating multiple persons' calendars to set a mediation date and will supplement this CMR with the date once set. However, should early mediation be unsuccessful, the parties shall try again to mediate after discovery is concluded.** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes_____  No__√__**<br><br>**Likely to Agree in Future _____** |

## I.      Meeting of Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held *in person* on March 24, 2011  at 9:00 a.m.  at  912 N. Highland Avenue, Orlando FL  32803 and was attended by:

|       Name       |      Counsel for (if applicable)      |
|---|---|
| Kathryn A. Terry | Defendants Devereux Foundation, Inc. and Kevin Turner |

Carol Swanson                    Plaintiff Kelly Decaire

Martha Chapman                   Plaintiff Kelly Decaire


**II.      Pre-Discovery Initial Disclosures of Core Information**

       **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

       Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

       The parties ____ have exchanged _√___ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

       on            √  by  (check one)            <u>April 15, 2011</u> (date).

       The parties shall produce the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

       The parties shall produce a copy of, or a description by category and location of all documents, data compilations, and tangible things that they may use to support its claims or defenses, unless solely for impeachment, and that are in the possession, custody, or control of the party;

       The parties shall provide a computation of each category of damages claimed by the disclosing party, who will also make available for inspection and copying as disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

       The parties shall produce for inspection and copying as under Rule 34 any certificate of insurance under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.


**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___no party anticipates the disclosure or discovery of ESI in this case;

_√_one or more of the parties anticipate the disclosure or discovery of ESI in this case.

***NOTE: At this stage in the litigation, none of the parties anticipate that extensive discovery or disclosure of ESI may be sought in this case; however, they are aware that email, time-sheets, payroll and other electronically stored information may be responsive to discovery requests in this case.***

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

A.   The form or forms in which ESI should be produced.

***Counsel are aware of their obligation to produce ESI either in the form in which it is ordinarily maintained, or in a "reasonably usable form," as required by Rule 34(b)(2)(E)(ii). However, the counsel for the parties at this time agree to accept hard copies, pdf or scanned versions of documents without waiving any right to also or later request to receive those documents in a more useable or electronic format. Additionally the parties agree to maintain all such records produced in their original format as well for possible later production.***

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

---

[1] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

*Plaintiff's attorneys anticipate requesting email, payroll data and other ESI regarding the Plaintiff and the employment issues in this case, for a period likely beginning in January of 2007.*

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

*The parties agree that certain metadata should accompany any production of ESI, to the extent it is available, including:*

- *a unique production identifier;*

- *the file name;*

- *the custodian from whom it was collected;*

- *the device from which it was collected;*

- *the file path for the document (source and production);*

- *the last modified date and time;*

- *the time offset value (to allow records to be sorted temporally); and*

- *substantive metadata reflecting the substantive changes made to the document by the user(s).*

*The parties also agree that following additional metadata must be produced for all emails:*

- *to / from / cc / bcc;*

- *date / time sent;*

- *date / time received;*

- *subject; and*

- *identification of attachments.*

**If the metadata is not available, the party so producing shall provide an explanation of why it is not.**

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

*Plaintiff has a computer which contains some relevant ESI that has since crashed so the ESI contained therein is not reasonably accessible.  Plaintiff is unsure if such information is retrievable at all, or the cost of retrieval if it is possible.  Additionally, the email account she had at the relevant time is now closed and she has no access to any relevant ESI that may have been contained there; it is her understanding that the email service provider does not save such information and any cached emails on her computer are not accessible either.  However, all such information is merely a duplicate of some of the information contained within the Defendants' systems.*

*The Defendants have a variety of electronic storage devices, equipment and systems which may contain ESI, such as computer servers, computers, Black Berries/smartphones, PDAs, cell phones, and back up services and devices, all of which may need to be searched for relevant ESI. Defendants' counsel was not aware of any potential issues with obtaining reasonable access to the relevant ESI on any such devices, equipment, and services but will inform Plaintiff's counsel of any such issues at the same time as providing identification of ESI in paragraph E below.*

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

*Plaintiff's counsel has provided Defendants' counsel with a detailed description of the equipment containing any relevant ESI, including the kind of programs and locations of such ESI and any issues with the retrievability of such ESI.*

*By April 29, 2011, Defendants' counsel shall provide this information to Plaintiff's counsel, specifically Defendants' counsel will provide a list of the types of information systems used by the Defendants and the varying accessibility, if any, of each system.  Defendants' counsel shall also identify the ESI custodians, for example, by name, title, and job responsibility.  Counsel also shall identify the software (including the versions) used in the ordinary course of business to access the ESI, and the file formats of such ESI .*

F.  Any issues relating to preservation of discoverable ESI.

*All parties are aware of their obligation to preserve ESI.  As of the time the parties' Case Management Conference was held, counsel for Defendants believed that a litigation hold was already in place to preserve Defendants' relevant ESI.   Plaintiff has proposed a litigation hold which Defendants' counsel has agreed to.  A copy is attached.*

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

*Although no such issues known at this time, the parties have agreed to a proposed protective order providing clawback protection to minimize any waivers; the proposed Order is attached.*

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

*Parties do not anticipate needing to do phasing, limiting or focusing of searches as the subject areas and time period involved are relatively limited.  To the extent necessary, the parties agree that Defendants will "image" any dynamic devices that likely contain relevant information; however, this is to be done in such a way as to present the loss of any metadata.*

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:  _____  none _____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

-9-

_√__all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.    Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___√____  Yes

_____  No                    Amended Certificate will be filed by _____ (party)

                              on or before  _____ (date).

    **B.    Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

*1) To save postage and clerical costs, the parties agree to serve discovery requests via email whenever feasible and to do so in Word or WordPerfect format. The opposing party will promptly acknowledge receipt of the request. E-mail service of discovery requests will be treated as if sent via U.S. Mail on the date of transmission.*

*2) To save postage and clerical costs, the parties agree to serve responses to document requests and requests for admission via e-mail whenever feasible and to do so in Word or WordPerfect format, except for the documents being produced which would be in pdf, tiff, or jpg format. The opposing party will promptly acknowledge receipt of the response. Email service of discovery responses will be treated as if sent via U.S. Mail on the date of transmission.*

*3) E-mail service by the parties shall be to all of the email addresses currently listed for each of the party's counsel with ECF, which at this time is as follows:*

Carol Swanson <cs@CarolSwansonLaw.com>

Martha Chapman <Marty@MartyChapmanLaw.com>; irene@martychapmanlaw.com

Kay L. Wolf: kwolf@fordharrison.com

Kathryn A. Terry: kterry@fordharrison.com; acook@fordharrison.com

*Counsel shall be responsible to notify each other of any changes in their email addresses.*

*4) This agreement does not apply to service of answers to interrogatories.*

**C.      Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each

deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.    Depositions

     N/A

2.    Interrogatories

     N/A

3.    Document Requests

     N/A

4.    Requests to Admit

     N/A

5.    Supplementation of Discovery

     N/A

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**N/A**

**E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct

examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

> *Plaintiffs agree to exchange the identity of any anticipated experts, along with area of testimony, and will provide any such expert's CV to Defendants by June 15, 2011.*
>
> *Defendants agree to exchange the identity of any anticipated experts, along with area of testimony, and will provide any such expert's CV to Plaintiffs by July 15, 2011.*

### F.      Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall

file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

*Although the parties anticipate no issues requiring a confidentiality agreement, they foresee no difficulty in arriving at a stipulated confidentiality agreement if needed.*

**G.     Other Matters Regarding Discovery —**

*None known at this time*.

**VI.     Settlement and Alternative Dispute Resolution.**

**A.     Settlement —**

The parties agree that settlement is

_____  likely \_\_\_√\_\_\_  unlikely at this time   (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes        _____ no       √ \_\_\_\_\_  likely to request in future

**B.     Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

\_\_\_\_ yes        √ no        _____ likely to agree in future

_____ Binding            _____Non-Binding

-14-

C.      Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D.      Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution:

*At all times, the counsel for the parties agree to remain open to discussions between counsel to resolve the case without the additional expense of mediation, if possible.*

**Date: April 22, 2011**

**Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

**COUNSEL FOR PLAINTIFF**                    **COUNSEL FOR DEFENDANTS**

*/s/ Carol Swanson*                          */s/Kay L. Wolfe*
Carol Swanson                                Kay L. Wolfe
Florida Bar No. 867209                       Florida Bar No. 0247065

Law Offices of Carol Swanson                 Ford & Harrison LLP
P. O. Box 4958                               300 South Orange Avenue, 1300
Winter Park FL 32793-4958                    Orlando FL 32801
Telephone:  407-841-9955                     Telephone: (407) 418-2300
                                             Facsimile: (407) 418-2327
<cs@CarolSwansonLaw.com>                     <kwolf@fordharrison.com>

-15-

-and-                                          -and-

*/s/Martha A. Chapman*                         */s/Kathryn A. Terry*
Martha Chapman                                 Kathryn A. Terry
Florida Bar No. 004464                         Florida Bar No. 0584991

Martha A. Chapman, P. A.                       Ford & Harrison LLP
P. O. Box 536924                               300 South Orange Avenue, 1300
Orlando FL 32853-6924                          Orlando FL 32801
Telephone: (407) 896-4835                      Telephone: (407) 418-2300
Facsimile: (407) 574-7912                      Facsimile: 407-418-2327
<Marty@MartyChapmanLaw.com>                    <kterry@fordharrison.com>